IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-cr-40029-003 -JPG |
| | ) | |
| STACIE D. PAULSON, | ) | |
| Reg. No. 07337-025 | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 433). Counsel Kuenneke entered her appearance for the sole purpose of determining whether Defendant Stacie D. Paulson was eligible for application of the 2014 retroactive guideline amendment. The Defendant and the Government were provide a copy of the motion and allowed 21 days in which to respond. No response has been filed by either party.

On January 18, 2008, Defendant plead guilty to conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of a mixture and substance containing marijuana in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii).

At sentencing, the Court determined that the Defendant's total offense level was 29 with a criminal history category of II. This yielded a sentencing range of 97 to 121 months. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Defendant's statutory minimum sentence was 120 months. Consequently, pursuant to U.S.S.G. § 5G1.1(b), her guideline sentence became 120 months and the Court imposed the statutory minimum sentence of 120 months with credit for two months served.

Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on a mandatory minimum sentence, not the base offense level set forth in U.S.S.G. § 2D1.1. Thus, her offense level and her guideline range has not been lowered by Amendment 782, and she cannot satisfy the first

criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See, United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Assistance Federal Public Defender Judith A. Kuenneke entered her appearance for the sole purpose of reviewing Defendant's case for retroactive application for reduction.  Having determined that the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, Counsel Kuenneke nows moves to withdraw her appearance.

Based on the above, Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 433) is **GRANTED**.  The Clerk of Court is directed to send a copy of this Order to the Defendant.

**IT IS SO ORDERED.**

**DATED:**  6/10/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**